**UNITED STATES v. VASILAKY et al.**

No. 276, Docket 20995.

Circuit Court of Appeals, Second Circuit.

May 27, 1948.

192

Irving Mendelson, of New York City, for appellant.

John F. X. McGohey, of New York City (Bruno Schachmer, of New York City, of counsel), for appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. We think the evidence sufficient to sustain the verdict. In particular, there was testimony that the United States owned all material aboard the vessel, including that in the store-room. There was also evidence from which the jury could reasonably infer (1) that the goods in question were taken from the store-room and constituted part of the ship's supplies, and (2) that appellant wilfully and knowingly stole some of those supplies.

2. Appellant, whose trial counsel stated, at the end of the judge's charge, that "there is no exception or request to charge," now complains of two portions of it.

(a) The judge said: "You have heard the testimony of Petratos and, of course, he is an accomplice in this case and pleaded guilty. Under our law one can be convicted by the testimony of an accomplice alone, but you should examine carefully the testimony of any accomplice so far as you should determine whether or not he is telling the truth and the full facts regarding the circumstances that may have taken place." Appellant argues: "In holding as a matter of law that Fritz was an 'accomplice' of Petratos, the Court had taken from the jury the question of fact as to whether there was a theft in which Fritz participated in with Petratos. Fritz could only be an accomplice of Petratos after the jury resolved the issue of fact and found that there was a theft in which Fritz participated with Petratos. * * * All these instructions to the jury by the Court were tantamount to a holding as a

matter of law that Fritz was guilty because Petratos, an accomplice and one who had participated with Fritz in the theft, had pleaded guilty and had testified as to the guilt of Fritz, and that Fritz could be convicted by the testimony of the accomplice Petratos." We cannot agree. A trial judge, in giving such a charge about the testimony of accomplices, might do well to qualify his remarks by stating that his use of the word "accomplice" is not intended to imply any guilt in other defendants. But, as defendant's counsel affirmatively acquiesced in the charge, what we said in United States v. Monroe, 2 Cir., 164 F.2d 471, 474, applies here.

(b) After stating in his charge three times that the government must prove the crime as charged "beyond a reasonable doubt," the judge said: "Summarizing, therefore, again what I have probably already given you, you will have to determine whether or not the Government was the owner of any property which might have been sold and which is the subject of this testimony in this law-suit. If the Government in this case has failed to establish this *by a fair preponderance of the evidence*,[1] then of course that ends this case, and you will return a verdict for the defendants. If the government has established that it is the owner of the property with which we are here concerned, then determine whether or not the government has established that the defendants Vasilaky and Fritz wrongfully and feloniously and intentionally stole this property and intentionally appropriated it to their own use and benefit with intent to deprive the government thereof." Subsequently the judge again referred to the "beyond-a-reasonable-doubt" rule. The single instance of the use of the phrase "by a fair preponderance of the evidence" was patently a slip-of-the-tongue mistake which the judge of course would have corrected, had defendant's counsel called his attention to it. We think that this single slip did not mislead the jury, and that, therefore, the error is not so egregious that we should note it despite the endorsement, given on behalf of defendant, of the entire charge.

Affirmed.