**J. L. HOLBROOK, Appellant,**

v.

**UNITED STATES of America, Appellee.**
**No. 15061.**

United States Court of Appeals
Fifth Circuit.

Oct. 29, 1954.

Rehearing Denied Feb. 8, 1955.

A. C. Wheeler, Gainesville, Ga., J. Hugh Rogers, Atlanta, Ga., Wheeler, Robinson & Thurmond, Gainesville, Ga., for appellant.

James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

Charged in a one count indictment with knowingly and wilfully attempting to defeat and evade income taxes due and owing by him "by filing and causing to be filed with the Collector of Internal Revenue for the Internal Revenue Collection District of Georgia at Atlanta, Georgia, a false and fraudulent income tax return" for the calendar year 1945, and found guilty, defendant was sentenced to pay a fine of $1500 and to imprisonment for a year and a day.

Appealing from the judgment and sentence, defendant is here pressing upon us two claims of error.

The first attacks the prosecution in the Atlanta instead of the Gainesville division of the district on two grounds: (a) that the Atlanta division of the court was without jurisdiction to proceed in this cause because the offense, if any, was committed in the Gainesville division; and (b) that the court erred in denying defendant's motion, under Rule 21(b), Federal Rules of Criminal Procedure, 18 U.S.C.A., to transfer the case to that division.

Conceding that Bowles v. United States, 4 Cir., 73 F.2d 772 holds directly contrary to ground (a), that the court was without jurisdiction to try this cause in the Atlanta division, appellant insists that Rule 18, Federal Rules of Criminal Procedure[1] is inconsistent therewith and now governs.

Without pointing to any case dealing directly with the question he presents, he urges that the established general principle, that the trial of crimes shall be held in the state and district where they have been committed, requires the ruling here that, since everything that was done by the defendant in this case occurred in the Gainesville division, he should have been prosecuted there.

Invoking the statutory provision, 18 U.S.C.A. § 3237, providing that "Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed", appellant insists that when the defendant "procured Oliver to make his tax return, signed it and mailed it at Cumming, if he was guilty of a crime it was then complete, even had it never been received by the Internal Revenue Collector."

■ While we find ourselves in general agreement with this view,[2] we are also in no doubt that since the return was filed in Atlanta and the indictment charged the filing there of false returns, the crime committed in so doing was properly, indeed should have been, prosecuted in the Atlanta division.

■ For the same reason, the indictment having been drawn so as to charge, as the offense, the filing of a false and fraudulent return with the clerk at Atlanta, the second ground of this claim of error, that the prosecution should have been transferred to the Gainesville Division, is without any sound basis.

■ Passing to the second claim of error, the one most argued by appellant and the one on which he mainly relies, that the evidence did not make out a case for a jury verdict, we find it no better taken. Urging upon us that the evidence failed in both of the respects essential to a conviction, (1) that the defendant failed to report all of his income, and (2) that such failure if any was wilfully evasive, appellant relies upon the claim: that the record compels the view that he employed one Oliver, an attorney at law expert in such mat-

---

**1.** "Except as otherwise permitted by statute or by these rules, prosecution shall be had in a district in which the offense was committed, but if the district consists of two or more divisions the trial shall be had in a division in which the offense was committed." Rule 18, Fed.Rules of Criminal Procedure, 18 U.S.C.A.

**2.** Cf. Beaty v. United States, 4 Cir., 213 F.2d 712, and authorities cited.

ters, to prepare his income tax returns; that he gave him every assistance possible in preparing the returns; that the evidence of the United States in rebuttal of the information furnished Oliver and the returns made out by him was inaccurate and faulty; and that in pursuing the method employed, the witness for the government has failed to properly credit defendant with sums on hand and has made inaccurate and incorrect charges to income.

■ We cannot agree with these views. We think the most that can be said of appellant's contentions with respect to these matters is that his proof did make out a jury issue on which the jury might well have found for him. The defendant did not have a bookkeeper to keep, and did not himself keep, a complete set of books from which his income could be adequately determined and in order to find out what was actually paid out for merchandise or for ordinary expenses, it was necessary to resort to other sources. His records being in this condition, resort was properly had to bank statements and cancelled checks, and the uncontradicted testimony establishing that all the receipts of the partnership of Stripland and Holbrook were deposited in the bank account, it was entirely proper to have transcripts of them made, and the jury could have found, and did find, that the testimony of the government as to receipts, expenses and income was given with complete fidelity to these sources. Thus, when all is said and done, the absence of complete and adequate records, the discrepancies between the amount of income testified to by the government agent and that returned, the testimony of Oliver as to the disclosures made to, and information given him by the defendant all combined to make fact issues for the jury.

Replying to appellant's complaint that this is a circumstantial evidence case and the circumstances are not sufficient-ly cogent to take the case to the jury, the United States citing Gleckman v. U. S., 8 Cir., 80 F.2d 394; Sasser v. U. S., 5 Cir., 208 F.2d 535; Pollock v. U. S., 5 Cir., 202 F.2d 281, and U. S. v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546, insists that the method employed in making out a case was entirely appropriate and especially safeguarded against abuse. Pointing to the undisputed evidence that all the business receipts went into the bank account and all expenses and disbursements were paid from that account except certain cash payments for labor, for which full credit was given, and to the fact that the computation was made on a cash basis wholly consistent with the method of reporting used by the partnership for prior years, it insists that every known factor was given its proper effect in the computation.

While it is true that the defendant did employ a tax attorney to make his returns and did furnish him information, the evidence discloses that the tax attorney who made the return never inspected or audited the appellant's books, that he had no first hand method or way of knowing the sources of income in the partnership business, and that he accepted appellant's statement of the margin of profit on the sale of feed and the number of bags of feed sold. The evidence discloses, too, that defendant furnished no figures reporting the profit on baby chicks or on the sale of broilers, and it further discloses that the number of bags of feed on which profit was figured was not correctly given.

While this court is fully aware of, and has in numerous cases pointed out the dangers inherent in the gross receipts and expenditures method and other kindred methods of making out a case of income tax evasion by the use of circumstantial evidence unless care is taken to guard against their misuse,[3] the evidence in this case is notably free from any suggestion of such abuse.

3. Bryan v. U. S., 5 Cir., 175 F.2d 223; Demetree v. U. S., 5 Cir., 207 F.2d 892.

Based as it was upon bank statements and entirely free from the sources of error which normally attend the circumstantial evidence approach, this case can almost be said to be in a class by itself.

We find no error. The judgment is affirmed.