**Benito Saenz FIRO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21404.**

United States Court of Appeals
Fifth Circuit.

Jan. 28, 1965.

Rehearing Denied March 3, 1965.

Benito Saenz Firo, pro se.

James R. Gough, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, GEWIN and BELL, Circuit Judges.

PER CURIAM:

This is an appeal from a second motion to vacate appellant's sentence pursuant to 28 U.S.C. § 2255. Appellant was con-

victed in the Southern District of Texas in 1962 on two counts, one for knowingly receiving, concealing, buying, selling, and facilitating the transportation and concealment of a narcotic drug after its unlawful importation in violation of 21 U.S.C. § 174, and one for unlawfully purchasing a quantity of heroin not in the original stamped package in violation of 26 U.S.C. § 4704. Appellant was represented by retained counsel at the original trial, and he perfected no appeal from this conviction.

Early in 1963 he filed his first motion under Sec. 2255. That motion attacked the judgment of conviction, *inter alia,* on the ground that the name of the Government's informant was not disclosed at trial. The court denied the motion as to that allegation without a hearing on the ground that appellant's trial counsel elected not to press the matter at trial and chose not to appeal. Also, there was absolutely no showing that the identity of the informant was material in any way to the case. No appeal was taken from this action.

Later in 1963, appellant filed the instant Sec. 2255 motion, this time raising the question of the insufficiency of the indictment because it failed to include the name of the person who allegedly delivered or sold the narcotics to appellant. In addition, he raised again the question of the court's refusal to require the Government to identify its informer. The district court denied this motion without a hearing, and appellant filed this appeal.

Appellant's principal reliance here is on Lauer v. United States (7th Cir. 1963) 320 F.2d 187. This court in two recent cases, Borroto v. United States, 5 Cir., 338 F.2d 60, and Jackson v. United States, 5 Cir., 339 F.2d 210 declined to follow the Lauer case, supra. The Eighth Circuit in the recent case of Jackson v. United States, 325 F.2d 477, in which the indictment as in the first count of the indictment in the case at bar was brought under Title 21 U.S.C. § 174, distinguished Lauer, and the Tenth Circuit in the recent case of Clay v. United States, 326 F.2d 196, expressly declined to follow Lauer.

In addition, while an indictment may be so fatally defective that it will not support a conviction, it is also true that other parts of the record may be looked to as well as the indictment. Clay v. United States, supra, citing Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240.

In the case at bar, there is available a full transcript of the evidence, and under all the circumstances, the indictment must be held sufficient and not subject to collateral attack.

It is the general rule that the Government is privileged to withhold the identity of an informant, a privilege based upon substantial grounds of public policy. Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151. The exceptions to this rule are born of necessity, and are predicated on a showing that the defendant will be prevented from making his defense without knowledge of the informant's identity.

In electing not to seek the identity of the informant, counsel for the defendant made a tactical decision which binds the appellant now. The appellant has at no time made a showing that the revelation of the identity of the informant was called for, and, it is submitted, that in this collateral attack on this record, the issue of the identity of the informant is simply not in the case, even had its disclosure not been waived as it was here. Such other questions as appellant sought to raise were properly decided by the court upon the files and record in the case. The decision of the trial court was proper, and it should be, and is, hereby

Affirmed.