Sam HOOVER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22313.

United States Court of Appeals
Fifth Circuit.

April 1, 1966.

Rehearing Denied May 9, 1966.

Raeburn Norris, Houston, Tex., Luther E. Jones, Jr., Corpus Christi, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., William M. Schultz, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., Houston, Tex., for appellee.

Before BELL and THORNBERRY, Circuit Judges, and FISHER, District Judge.

FISHER, District Judge:

This appeal is from a conviction under 26 U.S.C. § 7206(1). Appellant was indicted for making false income tax returns in a four count indictment, with each count relating to one of the four years, 1957 through 1960. The jury found appellant guilty on all four counts and the trial Court assessed a fine of $2,500.00 on each count and imposed a sentence of two years on each count, said sentences to run consecutively for a period of eight years. The Indictment was drafted in the language of the statute, 26 U.S.C. § 7206(1), and the appel-

lant raises the following assignment of errors on appeal:

1. The counts of the indictment fail to allege an offense.

2. The trial Court advised the jury in effect that there had been, as to each count, a concession by appellant establishing the element of willfulness.

3. The trial Court failed to instruct the jury on all of the essential elements of each offense.

■■ The District Court was correct in denying appellant's motion to dismiss the Indictment because the Indictment alleges the offense substantially in the language of Section 7206(1), which contains all of the essential elements of the offense and is thus sufficient within the meaning of Rule 7(c), Federal Rules of Criminal Procedure. An indictment alleging an offense substantially in the language of the statute is sufficient unless the words of the statute do not contain all of the essential elements of the offense. Russell v. U. S., 1962, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240; Reynolds v. U. S., 225 F.2d 123 (5 Cir. 1955) cert. den. 350 U.S. 914, 76 S.Ct. 197, 100 L.Ed. 801 (1955).

■ As to the second contention, appellant has seized upon one sentence of the charge and isolated it as error, the particular sentence being, "It must be shown that there was a wilful making and subscribing, that is, signing of an income tax return by the defendant. It is conceded that was the case in all four years."

We do not agree that this sentence taken in context with the entire charge excuses the jury from finding beyond a reasonable doubt "wilfulness" on the part of the appellant in the commission of the said offenses. That such a charge had, or might have had, any effect upon the jury is a rather strained argument. No objection to the Court's charge was made and it can hardly be argued that the jury was affected to the detriment of the appellant by this charge when it was obvious that none of the experienced trial lawyers representing the appellant were so affected.

Further, we do not believe the trial Judge said there had been a concession of the essential element of "wilfulness". The statement made simply refers to the fact that the returns had been signed. This fact was not controverted and was supported by substantial evidence. Further, in the same paragraph the Court charged,

"The returns must contain a written declaration that it is made under the penalty of perjury. That also is admitted for all four years. And third, the maker must not believe that the return was true and correct as to every material matter, and that this must have been knowingly and wilfully done. Those are the elements which the Government must prove to your satisfaction beyond a reasonable doubt as to each of the counts in question."

In addition, the trial court made numerous references to the fact that a mere omission might not necessarily be criminal, but that appellant must have wilfully and knowingly filed a return that was not true and correct.

In United States v. Vasilaky, 168 F.2d 191 (C.A.2, 1948), the trial Judge inadvertently used the expression "by a fair preponderance of the evidence" one time but all through the charge used the language, "beyond a reasonable doubt." It was held that the single mistake of the use of the phrase "by a fair preponderance of the evidence" was patently a slip of the tongue mistake which the trial Judge would have corrected had counsel for defendant called attention to the mistake, and the single slip did not mislead the jury.

We find no error in the Court's charge in regard to appellant's assignment number two.

The appellant's other assignment of error deals with the contention that the Court failed to instruct the jury on all of the essential elements of each offense and particularly failed to charge the jury on the term "material". Appellant ar-

gued that this omission, while not objected to at the trial, clearly constituted plain error under Rule 52(b), Federal Rules of Criminal Procedure.

 The Court instructed the jury, " * * * and while I will instruct you that it would be necessary for the omission, if there was an omission of income, to have been substantial, a few insignificant omissions, in my judgment, would not be enough to justify your finding the omission to have been wilful * * *." This instruction is certainly more than adequate to inform the jury that such omission of income, if any, must be of a "material matter". This instruction could not have prejudiced the appellant.

The only question arising as to the element of "material matter" in a prosecution under Section 7206(1) [1] is whether there is a fact issue of materiality to be submitted to the jury or whether materiality can be found as a matter of law.

Section 7206(1) is similar in nature to a perjury prosecution which makes the gravamen of the offense false swearing as to a material matter, and it was held in Blackmon v. United States, 108 F.2d 572, 574 (C.A.5, 1940); United States v. Moran, 194 F.2d 623, 626 (C.A.2, 1952), cert. den. 343 U.S. 965, 72 S.Ct. 1058, 96 L.Ed. 1362 (1952), that the trial Court should have instructed the jury that the item was material as a matter of law, but in both cases the question of materiality was left to the jury. In both cases the Court held that by submitting the issue of materiality to the jury no possible error resulted which affected the substantial rights of the defendant.

In a prosecution under Section 7206(1) the defendant is charged with the offense of willfully subscribing to a return verified by a written declaration that is made under penalty of perjury which the taxpayer does not believe to be true and correct as to every material matter. On the basis of the reasoning employed in the perjury cases, the trial Court could, in the principal case, have decided that the subject matter was material as a matter of law, but since the question of materiality was submitted to the jury and the jury was required to find a material omission in amount in order to sustain the legal requirement of materiality, the appellant could not be and, we hold, was not prejudiced.

The Trial Court adequately instructed the jury on all essential elements of the offense charged, including the element of "material matter". No error appearing as to any of the assignments, the judgment is affirmed.

---

1. § 7206(1) Fraud and false statements "Any person who—(1) Declaration under penalties of perjury. Willfully makes and subscribes any return, statement, or other document, which contains or is veri- fied by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; * * *."