**Jose ESCOBAR, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 23529.

United States Court of Appeals
Fifth Circuit.

Dec. 18, 1967.

Rehearing En Banc Denied Feb. 1, 1968.

Certiorari Denied April 22, 1968.
See 88 S.Ct. 1411.

---

J. Edwin Smith, Houston, Tex., Towner S. Leeper, El Paso, Tex., for appellant.

Harry Lee Hudspeth, El Paso, Tex., for appellee.

Before BELL, GODBOLD and DYER, Circuit Judges.

DYER, Circuit Judge:

Appellant was charged in a four count indictment[1] with willfully making and subscribing false income tax returns for the years 1957, 1958, 1959 and 1960.[2] He was acquitted on Count 1 and found guilty on the other three counts. In his appeal from the conviction on Counts 2, 3 and 4, he seeks reversal because of (1) the failure of the indictment to state an offense; (2) the non-disclosure of the identity of an informer; (3) the refusal of requested instructions; (4) the insufficiency of the evidence; and (5) the estoppel of the appellee by the not guilty verdict as to Count 1. We affirm.

### Sufficiency of the Indictment

Each count in the indictment alleges that the defendant did "make and subscribe [an] * * * income tax return."[3] Appellant urges that the failure to allege the *filing* of a return is a failure to allege an essential element of the offense and that the indictment therefore does not charge a crime against the United States. It is unnecessary for us to attempt to analogize cases decided upon other statutes as appellant would have us do, because this argument is foreclosed by our recent decision in Hoover v. United States, 5 Cir. 1966, 358 F.2d 87. There, as here, the indictment alleged "the offense substantially in the language of Section 7206(1), which contains all of the essential elements of the offense and is thus sufficient within the meaning of Rule 7(c), Federal Rules of Criminal Procedure. An indictment alleging an offense substantially in the language of the statute is sufficient unless the words of the statute do not contain all of the essential elements of the offense. Russell v. United States, 1962, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed. 2d 240; Reynolds v. United States, 225 F.2d 123 (5 Cir. 1955), cert. denied, 350 U.S. 914, 76 S.Ct. 197, 100 L.Ed. 801 (1955)." Id. at 88; accord Worthy v. United States., 5 Cir. 1964, 328 F.2d 386, 392.

### The Informer's Identity

During the cross-examination of a Special Agent for the Internal Revenue Service, it developed that the investiga-

---

1. "That on or about April 15, 1958, within the El Paso Division of the Western District of Texas, Jose Escobar did wilfully and knowingly make and subscribe a United States Individual Income Tax Return, Treasury Department Form 1040, which was verified by a written declaration that it was made under the penalties of perjury, which said United States Individual Income Tax Return he did not believe to be true and correct as to every material matter in that the said United States Individual Income Tax Return contained the statement and representation that Jose and Mavis E. Escobar of El Paso, Texas, had received taxable income during the calendar year 1957 in the amount of $6,192.00, whereas as he then and there well knew and believed, Jose and Mavis E. Escobar of El Paso, Texas, had received taxable income during the calendar year 1957 substantially

in excess of $6,192.00; in violation of Title 26, United States Code, Section 7206(1)."
The allegations in Counts 2, 3 and 4 were identical except as to dates and amounts.

2. 26 U.S.C.A. § 7206(1) provides in pertinent part:
"Any person who * * * wilfully makes and subscribes any return * * * which contains or is verified by a written declaration that it is made under penalties of perjury, and which he does not believe to be true and correct as to every material matter * * * shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000.00, or imprisoned not more than three years, or both, together with the costs of prosecution."

3. See note 1, supra.

tion of appellant had its genesis with an informer. The appellee advised the court that the informer had only provided information about someone other than the appellant. It was brought out that other members of appellant's law firm were investigated simultaneously and were all convicted of failure to file income tax returns. The court sustained the appellee's refusal to disclose the identity of the informer, but required appellee to submit to the court the name of the informer *in camera,* and announced that if either side should call the informer to testify the court would excuse the jury and notify both sides. The informer was not called.

Appellant claims that he was prejudiced by the non-disclosure of the informer because he could not call unspecified defense witnesses without the risk that he would be placing the informer on the stand. But this ignores the court's representation to counsel that it would notify both sides if the informer was called to testify. Moreover, in the absence of some compelling reason for doing so, disclosure of an informer's identity is generally declined. Rugendorf v. United States, 1964, 376 U.S. 528, 534–536, 84 S.Ct. 825, 11 L.Ed.2d 887; Robinson v. United States, 5 Cir. 1964, 325 F.2d 880, 883.[4] Appellant fails to make any showing that he was "prevent-

ed from making his defense without knowledge of the informer's identity." Firo v. United States, 5 Cir. 1965, 340 F.2d 597, 598.

Requested Instructions on Perjury

■ Appellant requested and the court refused to instruct the jury on the so-called "two witness rule" and the stringent burden of proof applicable to cases of perjury. Appellant contends that the instructions should have been given because the language of the statute punishes the willful making and subscribing of a false return "which contains or is verified by a written declaration that it is made under the penalties of perjury."[5] He asserts that the indictment against him charged perjury and that the refusal to give the instructions was reversible error. Weiler v. United States, 1945, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495.

Under the "plain meaning rule" of statutory construction it is clear that appellant was not charged with perjury. The statute does *not* say that one who willfully makes a false return "shall be guilty of perjury." In fact, it contains no language indicating that the crime of perjury is involved at all. The language "made under the penalties of perjury" is of purely historical significance.[6] The

4. In Wheeler v. United States, 1 Cir. 1965, 351 F.2d 946, relied on by appellant, there was an improper limitation of defendant's right of cross examination of a witness actually called. Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 and Portomene v. United States, 5 Cir. 1955, 221 F.2d 582, cited by appellant are inapposite. In each case the informer was a participant in the sale of heroin. Appellant's suggestion of potential entrapment is not persuasive because entrapment presupposes guilt, yet appellant maintained that he was innocent of the charge. McCarty v. United States, 5 Cir. 1967, 379 F.2d 285.

5. See note 2, supra.

6. At one time, income tax returns had to be made under oath. This was true when Levin v. United States, 9 Cir. 1925, 5 F.2d 598 was decided. While the oath

requirement was still in effect, the predecessor of the present statute, former § 145(c) of the Internal Revenue Code, was enacted. Section 145(c) was added to the 1939 Code by the act of October 21, 1942, 56 Stat. 836 (1942). Taylor v. United States, 9 Cir. 1950, 179 F.2d 640, 643. It specifically applied to its violation the penalties provided in § 125 of the criminal code, the predecessor of the perjury statute, 18 U.S.C.A. § 1621. The oath requirement was repealed by the act of August 27, 1949, 63 Stat. 667 (1949) codified as 26 U.S.C.A. § 3809 (1952), which statute also repealed § 145(c) of the Internal Revenue Code. The new § 3809(a), which was apparently intended to substitute for § 145(c), was very similar to the present 26 U.S.C.A. § 7206(1). It no longer referred to the penalties in 18 U.S.C.A. § 1621, but the penalty provided for its

phrase remains in the present statute as a "catch phrase" or "signpost" to indicate what types of documents are covered by the statute. Without this phrase any document would come within the purview of the statute and it would be identical (except for penalty) to 26 U.S.C.A. § 7207, which is a misdemeanor statute.

When viewed in this light it is understandable that Congress left the phrase in the statute and that the Internal Revenue Service left the statement in its return forms after the statute requiring the returns to be sworn to was repealed.[7] The phrase, outdated though it was, remained to provide an easily discernible limit to the application of § 7206(1) and its predecessors. It relieved Congress from having to substitute some new phrase. That it serves no other purpose is evidenced by the fact that perjury requires an oath, Smith v. United States, 5 Cir. 1966, 363 F.2d 143, 144, and no oath is required in an income tax return. Furthermore, in spite of the "penalties for perjury" language, Congress went on to provide another and much lighter penalty for the offense proscribed by § 7206(1), (3 years) than that provided for perjury under 18 U.S.C.A. § 1621 (5 years).

Appellant cites no cases, and we have been unable to find any, applying the rules of proof in perjury cases to prosecutions under 26 U.S.C.A. § 7206(1). It is significant that in the most serious of all tax offenses, 26 U.S.C.A. § 7201 (which proscribes willful attempts to evade and defeat taxes and which carries the heaviest maximum penalty found in the Internal Revenue Code—five years

imprisonment and $10,000 fine, plus costs of prosecution) the offense may be proven by circumstantial evidence, Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150. It would be contradictory indeed to accept appellant's argument that there must be an application of stricter rules to the lesser offenses under § 7206(1).

Finally, appellant urges that we held in Hoover v. United States, supra, that a prosecution under 26 U.S.C.A. § 7206 (1) is analogous to a perjury prosecution.[8] But read in context, what we said there had reference only to the defendant's contention that the court had failed to charge on the term "material matter." We pointed to the reasoning in the perjury cases as to what subject matter was material. Comparing the element of "material matter" in a prosecution under § 7206(1) with that element in a perjury prosecution does not make the two offenses analogous. We are convinced that the court acted properly in refusing appellant's requested perjury instructions.

### Refusal of Lesser Included Offense Charge

Appellant contends that the court erred in refusing to charge that the jury could find him guilty under 26 U.S.C.A. § 7207[9] (misdemeanor) even though he was indicted for violating 26 U.S.C.A. § 7206 (1) (felony). There is an element in § 7206(1) which is not in § 7207, i. e., the document must contain a statement that it is "made under the penalties of perjury."

violation was the same as in the latter section. (5 years and $2,000 fine.) As a part of the Internal Revenue Code of 1954, the present § 7206(1) was enacted, but this time the penalty was changed to a maximum of 3 years' imprisonment and $5,000 fine, plus the costs of prosecution.

7. Of course, the phrase served a definite purpose before the oath requirement was removed.

8. Appellant quotes the following from *Hoover*: Section 7206(1) is similar in

nature to a perjury prosecution which makes the gravamen of the offense false swearing as to a material matter * * *."

9. 26 U.S.C.A. § 7207 provides in pertinent part: "Any person who willfully delivers * * * to the Secretary * * * any * * * return * * * known by him to be fraudulent or to be false as to any material matter, shall be fined not more than $1,000, or imprisoned not more than 1 year, or both."

Section 7207 applies to income tax violations. Sansone v. United States, 1965, 380 U.S. 343, 349, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882. Since the other statute involved (§ 7206(1)) also applies to income tax violations, under the rationale of *Sansone,* "the lesser-included offense doctrine applies to these statutes in an appropriate case." Ibid.

The question then becomes whether this is "an appropriate case." *Sansone* offers the guidelines:

> But a lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses.

Id. at 349, 350, 85 S.Ct. at 1009.

> In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is *only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.*

Id. at 350, 85 S.Ct. at 1009. (Emphasis added.)

Accepting these guidelines, the question narrows to whether there is "a disputed factual element" in § 7206(1) which is not present in § 7207. As pointed out the only difference between the two statutes is in the "made under the penalties of perjury" requirement in § 7206(1). If there was any question for the jury concerning whether some or all of the returns involved here were or were not "made under the penalties of perjury" appellant would have been entitled, under *Sansone,* to the requested charge. However, appellee contends, and appellant does not dispute, that all returns involved here contain the "perjury declaration." Therefore, there was no factual dispute concerning the charged greater offense to be submitted to the jury, *ergo* appellant was not entitled to his requested charge. See Sansone v. United States at 354–355, 85 S.Ct. 1004.

## Evidence of Willfulness

Premised on the fact that willfulness is an essential element of the offense charged,[10] appellant argues that the appellee has shown no more than a mere understatement of income and that this showing is inadequate to establish willfulness. We are satisfied, however, that there is more than sufficient evidence to sustain this element of the offense. Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150.

Appellant is a practicing attorney with experience in the tax field. For four consecutive years he understated his income by almost one-half. Evidence of "a consistent pattern of underreporting large amounts of income" may support an inference of willfulness. Holland v. United States, supra, at 139, 75 S.Ct. at 137; Smith v. United States, 1954, 348 U.S. 147, 157, 75 S.Ct. 194, 99 L.Ed. 192; United States v. Procario, 2 Cir. 1966, 356 F.2d 614, 618, cert. denied 384 U.S. 1002, 86 S.Ct. 1923, 16 L.Ed.2d 1015; United States v. Alker, 3 Cir. 1958, 260 F.2d 135, 148, cert. denied 359 U.S. 906, 79 S.Ct. 579, 3 L.Ed.2d 571, rehearing denied 359 U.S. 950, 79 S.Ct. 723, 3 L.Ed. 2d 683; Epstein v. United States, 6 Cir., 1957, 246 F.2d 563, 566, cert. denied 355 U.S. 868, 78 S.Ct. 116, 2 L.Ed.2d 74. Furthermore, appellant was in charge of all phases of the law firm's record keeping and had actual knowledge of the state of the firm's finances. No partnership returns required by 26 U.S.C.A. § 6031 were filed during the years in question. A failure to file is admissible on the issue of willfulness. Hoyer v. United States, 8 Cir. 1955, 223 F.2d 134, 139. Pertinent books and records were not made available to investigators although appellant had been requested to produce all books and records. A savings account kept secret by appellant had grown from $50 in 1956 to $18,000 in 1960 during which time he reported his gross income to be only $38,237.00. At the initial interview appellant told the agents that he merely shared office

---

10. See note 2, supra.

space with two other lawyers, when it was actually an equal partnership. In the face of all this evidence there is no merit to appellant's contention that the evidence is insufficient to support the element of willfulness.

Appellant's assertion of mistake is also unpersuasive. Claiming that his secretary calculated on an adding machine the amount of his withdrawals from the firm, he argues that if she made an error and appellant relied on the tape to prepare his returns the conviction cannot stand. The tapes were not offered in evidence, nor is there any showing that they were incorrect. Moreover, there was nothing to indicate that appellant relied on such tapes in preparing his return. There is simply no support in the record for appellant's alleged defense of mistake.

## Sufficiency of the Evidence

■ The appellee used the bank deposit—cash expenditures method to prove that appellant understated his income, i. e., total bank account deposits plus items paid out in currency minus non-income items equals net income for the partnership. Bostwick v. United States, 5 Cir. 1955, 218 F.2d 790, 794; Holbrook v. United States, 5 Cir. 1954, 216 F.2d 238, cert. denied 349 U.S. 915, 75 S.Ct. 605, 99 L.Ed. 1249. The bank account used in the computation was the partnership's trust account in which were deposited receipts from the firm's law practice. The appellee correctly treated the firm as an equal partnership and assigned to appellant one-third of the earnings of the firm. The deposit tickets to the firm's trust account did not disclose the source of the funds deposited and some of the deposit tickets could not be found. The agents eliminated non-income items by analyzing withdrawals from the account and deducting from the total deposits all sums representing settlements, client's funds, court costs and other non-income items. Appellant urges that the bank deposit-cash expenditure method cannot produce an acceptable result here because the non-income items can be eliminated only by an analysis of deposits, not withdrawals. We disagree. The appellee was not required to analyze deposits, because analysis of deposits is a prerequisite to the method only to the extent information of the nature and source of funds included in deposits is in the hands of the government or available within the requirement of pursuing leads. With few exceptions the deposit slips disclosed no such information. (For the same reason there is no merit to the contention that the agents improperly failed to attempt to locate missing deposit slips.) And appellee sufficiently pursued leads. The government made out a prima facie case, and it discharged its obligations to make use of data in its hands and to pursue leads. Appellant, while attacking the government's accounting method produced nothing to refute the government's computations. A detailed analysis of the appellee's proof would be of no precedental value. A careful review of the record convinces us that the evidence as to appellant's understatement of income in each year for which he was convicted is entirely sufficient.

## Acquittal by Estoppel

■ Because the jury returned a not guilty verdict to the first count of the indictment appellant insists that this must be treated as an acquittal by estoppel to Counts 2, 3 and 4 because there is no additional evidence of willfulness to support the latter three counts. The short answer to this is that even if the verdict is looked upon as inconsistent it would not require a reversal. Dunn v. United States, 1932, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356; Rua v. United States, 5 Cir. 1963, 321 F.2d 140, 143, cert. denied, 377 U.S. 969, 84 S.Ct. 1651, 12 L.Ed.2d 738. But the verdict is not inconsistent because the evidence differed on each count. The jury might well have had a reasonable doubt of the appellant's guilt on the first count, but not on the remaining counts.

We have considered and find without merit the other errors complained of by

appellant. The judgment of the district court is

Affirmed.

### ON PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25 (a), subpar. (b), the Petition for Rehearing En Banc is denied.