**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose ESCOBAR, Defendant-Appellant.**

**No. 26764.**

United States Court of Appeals
Fifth Circuit.

April 11, 1969.

J. Edwin Smith, Houston, Tex., for appellant.

Ernest Morgan, U. S. Atty., Harry Lee Hudspeth and Romualdo C. Caballero, Asst. U. S. Attys., El Paso, Tex., for appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and MITCHELL, District Judge.

PER CURIAM:

After the mandate from the direct appeal[1] herein went down, Escobar filed his motion below under Title 28, U.S.C., Section 2255, to set aside his sentence as illegal. The district court denied this motion by memorandum order, reproduced in the margin.[2] We find no error, and affirm.

---

1. Escobar v. United States, 5 Cir. 1968, 388 F.2d 661, cert. denied 390 U.S. 1024, 88 S.Ct. 1411, 20 L.Ed.2d 282 (1968).

2. "The defendant in the above styled and numbered cause has moved this Court to correct the sentence imposed by this Court in said case, alleging that the sentence imposed is illegal. The defendant contends that 'the Misdemeanor Statute, 26 U.S.C. § 7207, overlaps with § 7206(1),' of Title 26, and that hence the defendant should have been sentenced

under the Misdemeanor Statute, § 7207, rather than under § 7206(1).

'[Defendant] * * * was charged in a four count indictment with willfully making and subscribing false income tax returns for the years 1957, 1958, 1959, and 1960. He was acquitted on Count 1 and found guilty on the other three counts.' (Footnotes omitted).
Escobar v. United States, 388 F.2d 661, 663 (5th Cir. 1968). He was sentenced to two (2) years imprisonment, six (6)

We add the following observation. The thrust of appellant's argument before us largely is that the two statutes overlap and that the U. S. Attorney is vested with unconstitutionally broad discretion to determine whether to proceed under the Misdemeanor Statute, Title 26, § 7207, or the felony statute, Title 26, § 7206(1), so that only a sentence as a misdemeanant could lawfully have been imposed. The district court's quotation from our opinion on the former appeal [Footnote 1] demonstrates that this is fallacious. Even if it were not, we consider binding the opinion of this Court in Black v. United States, 5 Cir. 1968, 405 F.2d 187 [December 19, 1968]. In *Black*, we rejected the argument advanced here, which is based upon the dissents in Berra v. United States, 351 U.S. 131, at 138–140, 76 S.Ct. 685, 100 L.Ed. 1013 (1955) and Hutcherson v. United States, 1965, 120 U.S.App.D.C. 274, 345 F.2d 964, at 972–977.

Affirmed.

months to serve, the remainder suspended for two years, plus $1,000.00 fine, on each count, the sentences to run concurrently. His conviction was affirmed in Escobar v. United States, supra. On his appeal, defendant contended, inter alia, and the Court found as follows:

'Appellant contends that the court erred in refusing to charge that the jury could find him guilty under 26 U.S.C.A. § 7207 (misdemeanor) even though he was indicted for violating 26 U.S.C.A. § 7206(1) (felony). There is an element in § 7206(1) which is not in § 7207, i. e., the document must contain a statement that it is "made under the penalties of perjury".

' * * * [T]he question narrows to whether there is "a disputed factual element" in § 7206(1) which is not present in § 7207. As pointed out the only difference between the two statutes is in the "made under the penalties of perjury" requirement in § 7206(1). If there was any question for the jury concerning whether some or all of the returns involved here were or were not "made under the penalties of perjury" appellant would have been entitled, under *Sansone* [Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965)], to the requested charge. However, appellee contends, and appellant does not dispute, that all returns involved here contain the "perjury declaration". Therefore, there was no factual dispute concerning the charged greater offense to be submitted to the jury, ergo appellant was not entitled to his requested charge. See Sansone v. United States at 354–355, 85 S.Ct. 1004, 13 L.Ed.2d 882, 388 F.2d at 666 (Footnote omitted)

In other words, defendant was either guilty of a violation of § 7206(1) or he was innocent of violating either § 7206 (1) or § 7207. The jury found that he was guilty as charged, i. e. that he was guilty of acts and/or omissions which constituted a violation of § 7206 (1). Congress has declared that anyone guilty of such acts of omissions should be punished as a felon. This court could not and can not sentence him otherwise. Especially, the Court could not sentence the defendant under a statute which he could not have lawfully been found guilty of violating.

While this precludes the relief sought, the Court would point out that even if the defendant were correct in his contention that a prosecutor cannot constitutionally be empowered to choose the more onerous of overlapping statutes under which to prosecute, it would not help him here. In the particular facts of this case, the statutes do not overlap. As pointed out above, the defendant was either guilty of a violation of § 7206(1) or he was not guilty of any violation, felony or misdemeanor.

Furthermore, the practical effect of the sentence given this defendant, assuming the period of probation is successfully served, as this Court did and must assume, would be the same had he been sentenced under the statutory provision for misdemeanors. In other words, the actual sentence, again assuming no probation revocation, could have, and probably would have been the same under either sentence, his having six (6) months to serve, a $1,000.00 fine to pay, and a two (2) year period of probation.

Treating the motion both as a request to correct an illegal sentence and/or to reduce a valid sentence, the Court having reviewed the motion, files and records of the case, finds, for the foregoing reasons, that it should be, and the same is hereby, in all things, DENIED, and IT IS SO ORDERED.

Entered this 2nd day of September, 1968.''