UNITED STATES of America,
Plaintiff-Appellee,

v.

Lawrence A. FRANK and Veronica B. Frank, Defendants-Appellants.

No. 26600.

United States Court of Appeals,
Ninth Circuit.

Jan. 29, 1971.

Rehearing Denied March 2, 1971.

Howard R. Lonergan, Portland, Or., for defendants-appellants.

Sidney I. Lezak, U. S. Atty., Norman Sepenuk, Asst. U. S. Atty., Vinita Jo Neal, Special Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before MERRILL and HUFSTED-LER, Circuit Judges, and TUTTLE,* Senior Circuit Judge.

PER CURIAM:

Appellants, husband and wife, were convicted of violating 26 U.S.C. § 7201 (willful tax evasion). They attack the sufficiency of the evidence presented below on the issue of the willfulness.

During the years 1964 through 1966, appellants supplied the attorney who prepared their returns with records that omitted substantial items of income. In their return for 1963 (not a subject of the indictment) there exist similar omissions. The inference drawn from these actions constituted the principal evidence of willfulness.

Appellants cite Spies v. United States (1943) 317 U.S. 492, 63 S.Ct. 364, 87 L. Ed. 418, for the proposition that the element of willfulness can never be inferred from the omissions in the returns themselves. They are in error. *Spies* holds only that willfulness is a separate element of the offense of tax evasion and cannot be inferred solely from omissions in a single return. But when the Court had before it a consistent pattern of underreporting and omissions from records, it had no trouble sustaining a jury's finding of willfulness. (Holland v. United States (1954) 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150.) For the same reason we have no difficulty here. (*See also* Escobar v. United States (5th Cir.) 388 F.2d 661, cert. denied (1967) 390 U.S. 1024, 88 S.Ct. 1141, 20 L.Ed.2d 282.)

Affirmed.

---

* Hon. Elbert Parr Tuttle, Senior Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.