489 F.2d 89
 74-1 USTC P 9312
 UNITED STATES of America, Plaintiff-Appellee,
v.
Randall L. PARKS, Defendant-Appellant.
No. 73-2786 Summary Calendar.*
*Rule 18, 5th Cir; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 7, 1974, Rehearing Denied March 20, 1974.
 
 Lacy Mahon, Jr., Jacksonville, Fla., for defendant-appellant.
 William H. Stafford, Jr., U.S. Atty., J. Worth Owen, Asst. U.S. Atty., Pensacola, Fla., Scott P. Crampton, Meyer Rothwacks, Asst. Attys. Gen., John P. Burke, Richard B. Buhrman, Attys., Tax Div. Dept. of Justice, Washington, D.C. for plaintiff-appellee.
 Before GEWIN, COLEMAN and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 * Randall L. Parks appeals from the district court's judgment of conviction for evading and defeating his income tax in violation of 26 U.S.C. 7601. Parks challenges the sufficiency of the Government's evidence which resulted in the jury's verdict of guilty. Further, he alleges that the Government's proof departed impermissibly from the method of proof delineated in its bill of particulars and trial brief. Finally, Parks contends that the trial court erred in admitting into evidence an admission of his accountant which tended to show that he was aware of his tax liability.
 
 II
 
 2
 During the years in question, 1966 and 1967, Parks operated a trailer park and rented apartments in Pensacola, Florida. For the tax year 1966, appellant reported a negative net taxable income of $2,036.39 and in 1967, a net taxable income of $8,555.77. For each year, the appellant reported a tax liability of zero.
 
 
 3
 To prove its case of tax evasion against Parks, the Government utilized the bank deposits and cash expenditures method of proof. Under this method the Government must demonstrate that the taxpayer has a business of a lucrative nature and that during the tax years in question, the taxpayer made regular periodic deposits of money in bank accounts in his own name or in accounts over which he exercised control. Where the annual deposits exceed exemptions and deductions, the balance represents taxable income ot the taxpayer. We have previously approved this method of proof. See Escobar v. United States, 388 F.2d 661, 667 (5th Cir. 1967), cert. denied, 390 U.S. 1024, 88 S.Ct. 1141, 20 L.Ed.2d 282 (1968); Holbrook v. United States,216 F.2d 238, 240 (5th Cir.), cert. denied, 349 U.S. 915, 75 S.Ct. 605, 99 L.Ed. 1249 (1955).
 
 
 4
 Viewing the evidence in a light most favorable to the Government, the jury verdict is amply supported by the facts. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The Government's evidence established that appellant's income for 1966 amounted to over $26,000.00 and in 1967 to over $39,000.00. This resulted in a tax liability of $6,341.86 for 1966 and $5,963.92 for 1967. At trial appellant and his wife attempted to show that they entered the tax years under scrutiny with a substantial amount of cash on hand. This position was taken despite the fact that appellant had inconsistently informed IRS agents during their investigation that he had never carried over $1,000 in cash on hand at any one time. Whether appellant's allegations were to be given credence was a question for the jury. By its verdict, appellant's attempted cash-on-hand defense was rejected.
 
 
 5
 Appellant's final two contentions are equally without merit. The Government's bill of particulars informed appellant adequately of the facts which it intended to prove and the evidence subsequently submitted for the jury's consideration did not vary from the essential facts delineated in the bill of particulars or its trial brief. Furthermore, admissions of a taxpayer's agent within the scope of his employment, here an accountant, are admissible against the taxpayer in a tax evasion prosecution. See Hayes v. United States, 407 F.2d 189, 192 (5th Cir. 1969).
 
 
 6
 Accordingly, the judgment of conviction is affirmed.