**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph A. LATTUS, Defendant-Appellant.**

No. 74–2234.

United States Court of Appeals, Sixth Circuit.

March 24, 1975.

Andrew H. Avedisian, Avedisian & Avedisian, Paducah, Ky., for defendant-appellant.

George J. Long, U. S. Atty., James H. Barr, Louisville, Ky., for plaintiff-appellee.

Before WEICK and LIVELY, Circuit Judges, and RUBIN *, District Judge.

* The Honorable Carl B. Rubin, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

PER CURIAM.

 The defendant was charged with three counts of violating 26 U.S.C. § 7206(1), willfully and knowingly making and subscribing federal individual income tax returns which he did not believe to be true and correct for the years 1968, 1969 and 1970. In a jury trial, the defendant was convicted of the charges for 1969 and 1970 and was acquitted with respect to 1968. The contention on appeal that the verdict was fatally inconsistent is without merit. "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932).

The defendant charges that there was insufficient evidence of willfulness and, in the alternative, that the district court failed to instruct properly on the requirement of willfulness. The element of willfulness may be inferred from other facts and circumstances, including evidence of similar practices in preindictment years. Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150 (1954); United States v. Frank, 437 F.2d 452 (9th Cir.), cert. denied, 402 U.S. 974, 91 S.Ct. 1661, 29 L.Ed.2d 139 (1971). The record discloses sufficient evidence of willfulness to support the jury's verdict on this issue. We have examined the instruction on willfulness which the district court gave and the one requested by the defendant. The court properly charged the jury on this issue, and we find no authority for the instruction which the defendant sought.

The defendant further argues that the district court erred in permitting a government witness who was an employee of the Internal Revenue Service to testify from a summary of the evidence which he had prepared for use at the trial. The summary sheets were introduced as a government exhibit. Evidence of this kind has been held to be admissible in income tax prosecutions. United States v. Johnson, 319 U.S. 503, 519–20, 63 S.Ct. 1233, 87 L.Ed. 1536 (1943); United States v. Rath, 406 F.2d 757 (6th Cir.), cert. denied, 394 U.S. 920, 89 S.Ct. 1196, 22 L.Ed.2d 453 (1969); United States v. Mackey, 345 F.2d 499 (7th Cir. 1965). Counsel for the defendant objected in general terms to the agent's testimony, but did not request that the jury be instructed specially concerning the summary evidence. There has been no showing that the government used the summary to get otherwise inadmissible evidence before the jury or that the testimony of the agent invaded the province of the jury.

Upon consideration of the record from the district court, the briefs and oral arguments, the court concludes that no error prejudicial to the rights of the defendant occurred in these proceedings.

The judgment of the district court is affirmed.