**UNITED STATES of America**

v.

**Daniel F. MARRINSON.**

**No. 85 CR 225.**

United States District Court, N.D. Illinois, E.D.

Aug. 7, 1985.

Phillip A. Turner, Asst. U.S. Atty., Chicago, Ill., for the U.S.

James Shellow, Milwaukee, Wis., for Marrinson.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On April 12, 1985, an indictment was returned against defendant Daniel Marrinson ("Marrinson") charging him with four counts of filing a false income tax return in violation of 26 U.S.C. § 7206(1). Presently before the Court is Marrinson's motion to dismiss the indictment. For the reasons set forth below, the motion to dismiss is denied.

## I.

■ As an initial matter, we must address the failure of Marrinson's counsel to comply with certain Local Rules of the United States District Court for the Northern District of Illinois. First, although Milwaukee attorneys James M. Shellow ("Shellow") and Susan W. Brenner ("Brenner") have submitted various pretrial motions on behalf of Marrinson, they have not yet filed an appearance form. This violates Criminal Rule 2.01, which provides in relevant part:

> An attorney representing a defendant in any criminal proceeding in this Court or before a United States Magistrate shall file an appearance. This appearance must be filed prior to or simultaneously with the filing of any motion, brief or other document with the Court, or initial Court appearance, whichever occurs first.[1]

Under General Rule 3.14(E), "[a]n attorney who fails to file an appearance form where required to do so by this Rule will be found to be in contempt of this Court and may be fined an amount not to exceed fifty dollars ($50)." Accordingly, we order Shellow and Brenner to file an appearance form[2] within five days; moreover, at the conclusion of Marrinson's trial we will decide whether to conduct a hearing to determine what, if any, sanctions should be imposed upon Shellow and Brenner for violating this Rule.

Marrinson's attorneys have also failed to designate as local counsel "a member of the bar of this Court having an office within this District upon whom service of papers may be made," as required by General Rule 3.13(A).[3] Penalties for failing to des-

---

1. General Rule 3.14(D) also establishes this filing requirement.

2. General Rule 3.14(B) provides that where more than one attorney represents the same party, only one appearance form shall be filed.

3. No criminal rule deals specifically with the designation of local counsel for service. But Criminal Rule 1.02 provides that "[i]n all criminal proceedings, the General Rules of this Court shall be followed insofar as they are applicable."

ignate local counsel are set out in General Rule 3.13(B): the Clerk of the Court is to notify the attorney in writing that the designation must be made within thirty days, and if the attorney still fails to file the designation within that time, any documents filed by the attorney may be stricken by the court. In this case, it does not appear that the Clerk of the Court has notified Marrinson's lawyers to designate local counsel within thirty days. Therefore, we hereby order Shellow and Brenner to file their designation on or before September 6, 1985. Assuming that they will comply with this order, we now proceed to consider the motion on its merits.

## II.

■ Each reason Marrinson offers for dismissing the indictment is based on a single premise—that the income tax returns upon which Marrinson allegedly made false statements advised him that his entries were made "under penalties of perjury," but the statute under which he is charged, 26 U.S.C. § 7206(1), permits the imposition of penalties different from those provided by the general federal perjury statute, 18 U.S.C. § 1621. Indeed, § 7206(1) and § 1621 not only provide for different penalties, but they also have different statutes of limitations and require different burdens or modes of proof. Because of these differences, Marrinson argues that the tax form actually misleads taxpayers as to the consequences of making false statements, and that his indictment must be dismissed for three reasons: (1) the indictment does not apprise Marrinson of the charges against him with the specificity required by the Sixth Amendment; (2) the provisions of § 7206(1) are so vague as to deny due process; and (3) the indictment's construction of § 7206(1) creates an unconstitutional *ex post facto* law.

To better understand Marrinson's argument, it is helpful to review the development of § 7206(1) over the years. Under the earliest versions of the Internal Revenue Code ("the Code"), taxpayers were required to make their income tax returns under oath. Persons making false statements on their returns were punished under the general perjury statute, § 125 of the Criminal Code.[4] *See, e.g., United States v. Noveck,* 273 U.S. 202, 47 S.Ct. 341, 71 L.Ed. 610 (1927); *Levin v. United States,* 5 F.2d 598, 599–600 (9th Cir.1925).

In 1942, the requirement that individual returns be made under oath was eliminated. Instead, returns were required to "contain or be verified by a written declaration that [they were] made under the penalties of perjury." Revenue Act of 1942, § 136(a), Pub.L. No. 753, 56 Stat. 798, 836. Also in 1942, a new penalty provision was added to the Code, expressly adopting the penalties established for perjury in § 125. Section 145(c) stated:

Any individual who willfully makes and subscribes a return which he does not believe to be true and correct as to every material matter, shall be guilty of a felony and, upon conviction thereof, shall be subject to the penalties prescribed for perjury in section 125 of the Criminal Code.

This penalty section was replaced in 1949 by a new provision, codified as 26 U.S.C. § 3809, which stated:

Any person who willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter, shall be guilty of a felony and, upon conviction

---

**4.** Section 125 provided, in part:

Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is

true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury.

This provision is virtually identical to the first part of the present general perjury statute, 18 U.S.C. § 1621(1).

thereof, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

The penalties outlined in § 3809 were identical to those imposed in the general perjury statute then in force (as well as to the penalties imposed in § 1621 today). However, because § 3809 specified the penalties for making false statements on tax returns rather than simply adopting the penalties provided under the general perjury statute, the two statutes arguably moved a step apart.

The next step occurred in 1954, when the penalties for making a false statement on a tax return first diverged from the penalties in § 1621. Section 3809 was recodified as § 7206(1), and its penalty provisions were altered. The maximum permissible fine was increased from $2,000 to $5,000, and the maximum prison term was lowered from five years to three years.[5] Section 7206's fine provision changed again in 1982, when the maximum fine rose from $5,000 to $100,000 for individuals.[6]

Considered together, Marrinson argues, these statutory changes demonstrate that § 7206 punishes something other than perjury. He claims that the reference to "the penalties of perjury" is not only anachronistic and useless but also impairs the validity and enforceability of § 7206 because it is misleading.

We disagree with this proposition. As the Fifth Circuit explained in *Escobar v. United States,* 388 F.2d 661 (5th Cir.1967), *cert. denied,* 390 U.S. 1024, 88 S.Ct. 1411, 20 L.Ed.2d 282 (1968):

Under the "plain meaning rule" of statutory construction it is clear that appellant was not charged with perjury. The statute does *not* say that one who willfully makes a false return "shall be guilty of perjury." In fact, it contains no language indicating that the crime of perjury is involved at all. The language "made under the penalties of perjury" is

of purely historical significance. The phrase remains in the present statute as a "catch phrase" or "signpost" to indicate what types of documents are covered by the statute. Without this phrase any document would come within the purview of the statute and it would be identical (except for penalty) to 26 U.S. C.A. § 7207, which is a misdemeanor statute.

When viewed in this light it is understandable that Congress left the phrase in the statute and that the Internal Revenue Service left the statement in its return forms after the statute requiring the returns to be sworn to was repealed. The phrase, outdated though it was, remained to provide an easily discernible limit to the application of § 7206(1) and its predecessors. It relieved Congress from having to substitute some new phrase. That it serves no other purpose is evidenced by the fact that perjury requires an oath, and no oath is required in an income tax return. Furthermore, in spite of the "penalties for perjury" language, Congress went on to provide another and much lighter penalty for the offense proscribed by § 7206(1), (3 years) than that provided for perjury under 18 U.S.C.A. § 1621 (5 years).

*Id.,* 388 F.2d at 664–65 (footnotes and citation omitted).

Marrinson's argument is largely a matter of semantics. The courts which have considered this matter are far from unanimous in their conclusions—some have labelled § 7206 "a perjury statute," *United States v. Levy,* 533 F.2d 969, 973 (5th Cir.1976); *Kolaski v. United States,* 362 F.2d 847, 848 (5th Cir.1966); but others have declared that filing a false return is "similar in nature" to perjury, *Hoover v. United States,* 358 F.2d 87, 89 (5th Cir.1966), *cert. denied,* 385 U.S. 822, 87 S.Ct. 50, 17 L.Ed.2d 59 (1966), or is simply "not perjury," *United States v. Tamura,* 694 F.2d

---

**5.** A person convicted under § 7206 could also be charged with the costs of prosecution.

**6.** This most recent change does not apply to Marrinson because the 1982 amendment became effective *after* all the acts alleged in the indictment.

591, 602 (9th Cir.1982). One court has stated that "it is unnecessary to resolve this dispute in semantics," *Siravo v. United States,* 377 F.2d 469, 472 (1st Cir.1967), an opinion we share. Like the Fifth Circuit in *Escobar,* we believe that the phrase "the penalties of perjury" could not reasonably confuse a taxpayer concerning the consequences of filing a false tax return.[7]

Our belief is strengthened by the wording of a portion of the general perjury statute that Marrinson has ignored throughout his arguments. Section 1621 punishes acts of perjury "except as otherwise expressly provided by law." The Reviser's Note to the statute explains that this phrase was inserted "to avoid conflict with perjury provisions in other titles where the punishment and application vary." the Note goes on to state that "[m]ore than 25 additional provisions are in the code." This indicates that Congress has not adopted the narrow definition of perjury suggested by Marrinson, and it provides ample warning to taxpayers that § 1621 is not the only statute which might be applied to the filing of false statements on income tax returns.

■ Thus, we find the premise upon which Marrinson bases each of his arguments to be flawed. Moreover, even when considered separately, none of the arguments appear meritorious. Contrary to Marrinson's assertions, the indictment does sufficiently apprise him of the charges against him. *E.g., United States v. Grayson,* 416 F.2d 1073, 1076 (5th Cir.1969), *cert. denied,* 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753 (1970). Similarly, § 7206(1) is not so vague that it fails to give fair notice of what conduct is prohibited; to the contrary, it quite clearly forbids a person from intentionally falsifying his tax return as to any material matter. *See, e.g., United States v. DiVarco,* 343 F.Supp. 101 (N.D. Ill.1972), *aff'd,* 484 F.2d 670 (7th Cir.1973), *cert. denied,* 415 U.S. 916, 94 S.Ct. 1412, 39 L.Ed.2d 470 (1974). Finally, the interpreta-

tion of § 7206(1) contained in the indictment does not create any *ex post facto* law; the penalties imposed by § 7206(1)—and not § 1621—have applied to Marrinson's alleged actions at all times.

Accordingly, Marrinson's motion to dismiss the indictment is denied. It is so ordered.

---

**7.** *See also Hensley v. United States,* 406 F.2d 481, 485–86 (10th Cir.1968) (denying the premise that § 7206(1) "punishes for perjury without providing for the varying procedural and substantive burdens existent in a prosecution for the traditional crime of perjury").