UNITED STATES of America,
Plaintiff-Appellee,

v.

William M. BASS, Defendant-Appellant.

No. 16786.

United States Court of Appeals,
Seventh Circuit.

April 2, 1970.

**162**

Harvey M. Silets, Theodore A. Sinars, Chicago, Ill., for appellant, Harris Burman & Silets, Chicago, Ill., of counsel.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Michael B. Nash, Richard A. Makarski, Asst. U. S. Attys., of counsel.

Before DUFFY and CASTLE, Senior Circuit Judges, and KERNER, Circuit Judge.

KERNER, Circuit Judge.

Defendant William Bass was indicted for income tax evasion, 26 U.S.C. § 7201, aiding in preparation of a fraudulent income tax return of a corporation, 26 U. S.C. § 7206(2), and wilfully failing to file personal income tax returns for the years 1957–59, 26 U.S.C. § 7203. The court severed the charges under 26 U.S. C. § 7203 and the defendant was acquitted thereon. As to the other charges, a jury found defendant guilty and from these convictions, he appeals.

Defendant Bass was the sole stockholder of Atlas Finance Company which was in the auto financing business. Bass was a salaried employee of the corporation but was not an officer or director of the corporation. Defendant was charged with receiving preferential dividends from the corporation which were not reported in his income. Further, the corporation deducted these preferential dividends as corporate expenses. Defendant claims that he had no knowledge that his income tax return did not reflect the payments made by the corporation in his behalf and that the corporate income was not adjusted appropriately. Defendant attacks the sufficiency of the evidence but we need not discuss this since the case must be remanded for a new trial on other grounds.

As to the charge of personal income tax evasion, defendant alleges that he signed his returns in blank and, therefore, claims that the district court erred in giving the following instruction on its own motion to the jury:

> Whenever the fact appears beyond a reasonable doubt from the evidence in the case that the defendant signed his tax return, you may draw the inference and find that the defendant had knowledge of the contents of such return.

Further, since the district court did not inform defendant that it would give such instruction prior to final arguments, defendant alleges that the court violated Rule 30 of the Federal Rules of Criminal Procedure.

Rule 30 of the Federal Rules of Criminal Procedure provides:

> At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to adverse parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury,

\* \* \*

First, under Rule 30 of F.R.Crim.P. we think counsel should be informed of all instructions that will be given to the jury and to read Rule 30 as being applicable only to instructions proposed by

counsel would emasculate its purpose which is in part to allow counsel, knowing the instructions to be given, to effectively argue his case to the jury. Here, the court did not inform counsel of this instruction prior to argument but we need not decide the prejudicial effect of this because of our disposition as to the instruction itself.

 As to the instruction itself, the government argues that it is merely a rephrasing of the statement that appears at the bottom of all tax returns and is proper under the law. *See* Mathes and Devitt, *Federal Jury Practice and Instructions*, § 45.13. We disagree. The language at the bottom of the return as filed is as follows:

I declare under penalties of perjury that I have examined this return (including accompanying schedules and statements) and to the best of my knowledge and belief it is true, correct and complete.

In light of such statement, the signing of a blank return may be one element necessary to convict a taxpayer of perjury. However, it cannot be said that the effect of such statement is to attribute knowledge of the contents of the return to the taxpayer on the basis of his signature alone. In Lurding v. United States, 179 F.2d 419, 421 (6th Cir. 1950), the court said that the taxpayer's signature has the effect of making the return his own, but knowledge of the contents must also be proved aside from the wilful intent to evade taxes. We do not hold that a taxpayer can sign a false return and escape liability by disclaiming actual knowledge of the contents. *See* Paschen v. United States, 70 F.2d 491, 499 (7th Cir. 1934). Rather, we conclude that it is improper to charge a taxpayer with conclusive knowledge of the contents on the basis of the signature alone. Knowledge may be inferred from the facts and circumstances of the case and certainly the signature at the bottom of the tax return is *prima facie* evidence that the signor knows the contents thereof. *See* United States v. Gai-ney, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed. 2d 658 (1965). The court's instruction created a conclusive presumption and it was in error.

 As to the conviction for aiding in the filing of a false corporate return, the defendant claims that the court erred in refusing to give the jury the following instruction as to the deductibility of the payments to the defendant Bass by the corporation:

If you find that the payments to or on behalf of Mr. Bass were personal to him, you must then determine whether such benefits were salary income. If you find that such payments, if any, were salary income and that they, together with any other salary payments made to him by the corporation, were reasonable, ordinary and necessary, such payments are deductible by the corporation on its income tax return referred to in Counts 6 and 7.

This instruction embodied one of the defendant's theories as to the false corporate returns. The government claims that there was no evidence to support this instruction. Defendant need not present any evidence to entitle him to this instruction since the burden is on the government to prove that these disbursements were not salary payments to Bass. United States v. Phillips, 217 F. 2d 435, 440 (7th Cir. 1954). In Davis v. United States, 226 F.2d 331, 336 (6th Cir. 1955), relied on by the government, the defendant, who was charged with failing to pay personal income taxes, sought an instruction that he "was holding, for his corporation, the cash he had received from the corporation checks." To justify such instruction in *Davis*, there would have to be some evidence to support the theory because it is asserted as an affirmative defense to the proof that he received the payments. Here the obligation is on the government to prove that the payments were not salary or ordinary business expenses of the corporation. To deny defendant the in-

**164**

struction in this case was prejudicial error.

■ In summarizing the various transactions, a government agent testified that certain business expenses of the corporation were improper and charged them to defendant as income because proper substantiation of the transactions did not exist. Such testimony was improper in that it shifted the burden of proof to the defendant to show that the disbursements were ordinary business expenses. While the Internal Revenue Code requires adequate documentation, lack of such documentation alone will incur civil liability but not criminal liability. United States v. England, 347 F.2d 425, 431 (7th Cir. 1965).

■ Defendant claims that the cross-examination of the government's witness, Betty Goodman, the corporate bookkeeper, was unduly restrictive since defense counsel was not allowed to inquire as to the bad motives arising out of the termination of Goodman's employment, including her application for unemployment compensation. It is unclear whether the district court denied inquiry into these areas or whether defense counsel decided not to recall Goodman to the witness stand, but we need not decide this because of our decision to remand for a new trial on other grounds. The defense is entitled to a wide latitude of cross-examination in attacking the credibility of a witness. However, the district court may also exercise its discretion in limiting the cross-examination to insure that the jury is not confused by other issues not relevant to the present case. *See* United States v. Varelli, 407 F.2d 735, 751 (7th Cir. 1969).

Defendant also claims that it was improper for the district court to give the "Allen Charge." We need not reach this issue because on remand the procedures set out in United States v. Brown, 411 F.2d 930 (7th Cir. 1969), apply.

For the foregoing reasons, we reverse and remand this case for a new trial.

Reversed and remanded.