**Archie L. WAINWRIGHT, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 560-70.**

United States Court of Appeals, Tenth Circuit.

Aug. 17, 1971.

Rehearing Denied Nov. 12, 1971.

---

2. Letter to Senator Thomas Kuchel from Acting Department Solicitor, Edward Weinberg, dated October 22, 1964.

Melvin A. Coffee, Denver, Colo. (Robert D. Inman, Denver, Colo., was with him on the brief), for petitioner-appellant.

Richard B. Buhrman, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks and Joseph M. Howard, Dept. of Justice, and James L. Treece, U. S. Atty., of counsel, were with him on the brief), for respondent-appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and BARRETT, Circuit Judges.

LEWIS, Chief Judge.

This case reaches us after denial by the trial court of a motion to vacate judgment under 28 U.S.C. § 2255. Appellant had been convicted of willfully attempting to evade federal income taxes for the years 1961–1963 and the judgment was affirmed by this court. United States v. Wainwright, 10 Cir., 413 F.2d 796, cert. denied, 396 U.S. 1009, 90 S.Ct. 566, 24 L.Ed.2d 501.

■ Appellant's primary post-conviction contention is that his conviction was based upon false and misleading testimony, known to the prosecution to be such, and thus leading to a constitutional infirmity. A brief statement of the facts is necessary to put this contention in proper perspective.

During the tax years in question, Wainwright owned and operated several gasoline stations. To supply these stations, he made large purchases of gasoline, paying the full purchase price monthly and receiving back from the supplier a discount or rebate check, the amount of which depended on the individual supplier and the volume of gasoline purchased. Wainwright failed to report a substantial amount of these rebates on his tax returns, and this omission was the sole element of the government's criminal case against him. It is undisputed, however, that the investigation of appellant's tax returns uncovered many other errors which were the basis of civil liability. Appellant contends that by failing to bring out these other errors at the criminal trial, the government painted a misleading picture before the jury. It is appellant's theory that if the jury knew the whole picture, i. e., that there were many mistakes on the tax returns, then it would more likely have considered the omission of the discounts to lack criminal intent.

The essence of appellant's objection is contained in the testimony of Revenue Agent Smith, who was asked:

Q. In summary then, Mr. Smith, for these three years the only adjustment that you made in Mr. Wainwright's tax returns which would increase his income were the adjustments of the result of the rebate discounts paid to him by the oil companies, is that correct.

A. Yes.

Although appellant now claims that the agent's statement was completely false because admittedly other adjustments were made that would increase appellant's income, the argument has only superficial appeal. The agent's answer was clearly directed to the basis of the criminal charge, a complete failure to report income, and not to adjustments made through application of different accounting methods which resulted in increased taxable income and increased civil liability. The government had no duty to prove deficiencies not premising the criminal charge and, indeed, any such effort would be laced with potential prejudice. If, as is now contended, such further evidence would have benefited appellant that conclusion points only to misplaced trial strategy. The court below found that appellant's attorneys were knowledgeable in tax matters, were informed of and had access to the report showing the civil tax liability, and therefore knew or should have known about the "misstatement" by the government's witness.

■ Appellant also contends that the following instruction is constitutionally defective:

Now whenever the facts appear beyond a reasonable doubt from the evidence in the case that the accused had signed his tax return, a jury may draw the inference and find that the accused had knowledge of the contents of the return.

A challenge to this instruction was rejected on direct appeal but appellant now calls to our attention a decision of the

Seventh Circuit, United States v. Bass, 425 F.2d 161, which apparently interprets the instruction as creating a conclusive presumption contrary to constitutional safeguards pertaining to burden of proof. We must simply reiterate that we believe the instruction in this case to have been properly given and violative of no constitutional provision. *See* United States v. Wainwright, supra at 801–02.

■ Next, appellant urges that polygraph foundation evidence should have been allowed in the § 2255 hearing. Polygraph evidence was rejected at the criminal trial and this was upheld on direct appeal since proper foundation was not laid. Again appellant urges that he should have another chance to litigate this issue because of an intervening change in the law. He points to our opinion on direct appeal as the first indication that polygraph evidence might be admitted in this circuit. We give no comfort to appellant's interpretation of our earlier opinion in that regard and in any event appellant must present his case at the proper time. The original failure to establish a foundation appears to be an evidentiary problem already decided and not a constitutional question.

■ Finally, appellant argues that the government failed to prove the purchases involving the rebate discounts. This issue was also decided on appeal, but appellant contends that In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, requires a reversal since the Supreme Court determined that every element of a crime must be proved beyond a reasonable doubt. This was done in the instant case. Appellant's conviction required only that he had attempted to evade a substantial amount of tax. *See* Swallow v. United States, 10 Cir., 307 F.2d 81, cert. denied, 371 U.S. 950, 83 S.Ct. 504,

9 L.Ed.2d 499. There was evidence that a spot check of gasoline purchases was made, and this is sufficient.

Affirmed.