RADER, Circuit Judge.
Petitioners, seasonal employees with the Internal Revenue Service (IRS), appeal two final decisions of the Merit Systems Protection Board. Both decisions denied petitioners retirement credit for off-season, non-work periods before October 1, 1980. Bain v. Office of Personnel Management, 49 M.S.P.R. 307 (1991); Post v. Office of Personnel Management, 49 M.S.P.R. 172 (1991). This court consolidated the appeals for briefing and argument. Because the Office of Personnel Management (OPM) did not abuse its discretion in denying retirement credit for non-work periods, this court affirms the Board’s decisions.
BACKGROUND
IRS hired petitioners as seasonal “while actually employed” employees. IRS employed these seasonal employees on an “as needed” basis during peak tax filing months; IRS laid them off the remainder of the year. While on active duty, petitioners worked full-time — forty hours each week.
Before October 1, 1980, IRS gave its seasonal employees service credit toward *1229 retirement only for work periods. Bain, 49 M.S.P.R. at 308. Beginning October 1, 1980, IRS gave its seasonal employees retirement credit for non-work periods, treating those periods as leaves of absence. Id.
IRS appointed Ms. Bain as a seasonal employee in 1972. Ms. Bain worked an average of six months per year before October 1, 1980. Ms. Bain retired on February 28, 1990. Ms. Johnson received her seasonal appointment in 1966. Ms. Johnson’s service record shows that she worked an average of over eight months per year before October 1, 1980. Ms. Johnson retired on March 31, 1989. Ms. Post began seasonal work with IRS in 1967. Ms. Post’s record shows an average of over seven months per year of work before October 1, 1980. Ms. Post retired on August 31, 1988.
Petitioners elected to retire under the Federal Employees’ Retirement System (FERS), 5 U.S.C. §§ 8401-8479 (1988 & Supp. II 1990). Petitioners transferred their service credits under the Civil Service Retirement System (CSRS), 5 U.S.C. §§ 8331-8351 (1988 & Supp. II 1990), to FERS. See 5 U.S.C. §§ 8402(b)(2)(B), 8411(b)(3); 5 C.F.R. § 842.104(b)-(c) (1992).
When computing petitioners’ retirement annuities, OPM gave them service credit only for time actually worked before October 1, 1980. Petitioners requested reconsideration of OPM’s denial of service credit for non-work periods before October 1, 1980. OPM affirmed its initial denial. Petitioners appealed to the Board.
An administrative judge consolidated Ms. Post’s and Ms. Johnson’s cases and found them entitled to retirement credit for off-season, non-work periods before October 1, 1980. Post, 49 M.S.P.R. at 174. Upon review, the Board reversed this decision. Id. at 173. In a separate proceeding, an administrative judge did not grant Ms. Bain service credit for non-work periods before October 1, 1980. Upon review, the Board affirmed. Bain, 49 M.S.P.R. at 308.
DISCUSSION
I.
Title 5 of the United States Code sets forth this court’s standard for reviewing Board decisions. This court upholds a Board decision unless “(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without [following] procedures required by law, rule, or regulation ... or (3) unsupported by substantial evidence.” 5 U.S.C. § 7703(c) (1988). Petitioners bear the burden of proving entitlement to annuity benefits. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037, 107 S.Ct. 891, 93 L.Ed.2d 844 (1987).
H.
Section 8411 of title 5 sets forth the type of service creditable toward retirement under FERS. Creditable service under FERS includes, with some exceptions, service creditable under CSRS. 5 U.S.C. § 8411(b)(3) (1988). Section 8332(f) makes leaves-of absence creditable toward retirement under CSRS. Thus, an employee receives credit under that section for leaves to perform military service or to recuperate from an injury suffered while working for the Government. 5 U.S.C. § 8332(f) (1988). Section 8332(f) further provides:
[C]redit may not be allowed for so much of other leaves of absence without pay as exceeds 6 months in the aggregate in a calendar year.
Id. Thus, under CSRS, an employee receives no more than six months retirement credit per year for leaves of absence without pay. FERS contains a similar six-month limit on service credit for leaves of absence. 5 U.S.C. § 8411(d); see also 5 C.F.R. 842.304(a)(4) (1992).
In defining employees entitled to FERS benefits, 5 U.S.C. § 8401(11) adopts the definition in 5 U.S.C. § 8331(1). Section 8331(1)(A) in turn adopts the broad definition of “employee” at 5 U.S.C. § 2105.[1] *1230 Although title 5 defines “employee” broadly, section 8331(l)(iii) gives OPM authority to exclude certain workers from CSRS benefits. OPM “may exclude” those employees “whose employment is temporary or intermittent.” 5 U.S.C. § 8347(g). A similar provision allows OPM to exclude temporary or intermittent employees from FERS coverage. 5 U.S.C. § 8402(c)(1).
Taken as a whole, the statutory schemes of FERS and CSRS allow federal employees up to six months per year of retirement credit for leaves of absence, provided OPM has not excluded the employee from FERS or CSRS benefits as a “temporary or intermittent” worker. 5 U.S.C. §§ 8347(g), 8402(c)(1). Thus, this appeal presents the issue of whether OPM properly classified petitioners as intermittent workers during their off-season, non-work periods before October 1, 1980.
III.
Title 5 charges OPM with administering both FERS and CSRS. See 5 U.S.C. §§ 8347(a), 8461. The Civil Service Commission (CSC) preceded OPM in this capacity. See 5 U.S.C. § 8347(a) (1976) (amended in 1978, replacing the CSC with the OPM). Title 5, however, does not mention seasonal workers, nor give instructions on classifying seasonal employees as part-time or intermittent workers. Indeed, the Code does not define “intermittent.”
OPM interpreted the term “intermittent” in title 5 to encompass seasonal workers and therefore denied petitioners retirement credit for annually recurring non-work periods before October 1980. In making this interpretation, OPM followed a 1965 policy. In an August 2, 1965, Memorandum of Understanding, CSC instituted the policy denying IRS seasonal employees retirement credit for leaves of.absence.
In the 1965 Memorandum, the General Accounting Office (GAO), IRS, and CSC sought to place IRS seasonal employees within one of the three employment classifications — full-time, part-time, or intermittent.[2] After weighing alternatives, CSC in the 1965 Memorandum instructed IRS to give seasonal employees service credit as full-time employees, except that non-work periods would earn no retirement credit. The Memorandum stated that this hybrid arrangement would equitably credit service to seasonal employees. This decision effectively placed seasonal employees in an intermittent status.
In computing petitioners'retirement annuities, OPM followed the 1965 Memorandum and denied petitioners service credit toward retirement for their inactive periods before October 1,1980. In the decisions on review here, the Board sustained OPM, finding that the record evidence showed that petitioners’ service was “intermittent in nature.”. Bain, 49 M.S.P.R. at 310; Post 49 M.S.P.R. at 176.
*1231 In the absence of any statutory standards, this court reviews the Board’s determination of whether the agency based its action on a “permissive interpretation of the statute.” Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 842-43, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984). In other words, this court accords “substantial weight to an agency’s interpretation of a statute it administers.” American Lamb Co. v. United States, 785 F.2d 994, 1001 (Fed.Cir.1986) (citing Zenith Radio Corp. v. United States, 437 U.S. 443, 450-51, 98 S.Ct. 2441, 2445, 57 L.Ed.2d 337 (1978)). Moreover, the agency’s statutory interpretation “need not be the only reasonable interpretation or the one which the court views as the most reasonable.” Consumer Prods. Div., SCM Corp. v. Silver Reed Am., Inc., 753 F.2d 1033, 1039 (Fed.Cir.1985) (citing Fulman v. United States, 434 U.S. 528, 534-36, 98 S.Ct. 841, 845-47, 55 L.Ed.2d 1 (1978) (emphasis in original)); see also Federal Election Comm. v. Democratic Senatorial Campaign Comm., 454 U.S. 27, 39, 102 S.Ct. 38, 46, 70 L.Ed.2d 23 (1981).
This court finds no basis for reversing the Board’s approval of OPM’s classification. Petitioners did not show either that OPM’s long-standing[3] employment classifications were unreasonable or that OPM unreasonably classified IRS seasonal employees as intermittent workers.
Under OPM regulations, intermittent employees are non-full-time workers without a prearranged regular tour of duty. 5 C.F.R. § 831.703(b) (1992). Petitioners’ service records show that their work periods varied from year to year. Petitioners worked different months and different lengths of time each year as dictated by the needs of IRS. This as-needed characteristic of petitioners’ service conforms most harmoniously with the intermittent classification.
Moreover, neither the full-time nor the part-time classifications completely fit seasonal employees. The record shows that petitioners worked from six months to just over eight months a year — a schedule incompatible with full-time service. When on duty, petitioners worked full administrative work-weeks — a schedule incompatible with part-time service.
In sum, OPM reasonably classified petitioners as intermittent workers. The Board upheld that classification. This court discerns no reversible error in the Board’s decision.
IV.
This court’s conclusion does not conflict with the Court of Claims’ decision in Dove v. United States, 161 Ct.Cl. 768 (1963). In Dove, this court’s predecessor determined that one particular “while actually employed” worker was “in all respects save the paper record, a full-time, per annum employee.” Id. at 785. Mr. Dove had worked more than ninety percent of the possible work days over a six-year period. Therefore, acknowledging substance over form, the Court of Claims looked past administrative records to classify Mr. Dove as a full-time employee. In determining a federal employee’s employment status, Dove clarifies that the actual conditions of the worker’s employment take precedence over administrative labels.[4] See id. at 786. Un *1232 der the exceptional circumstances of that case, the Court of Claims determined that Mr. Dove’s 1935 appointment “contemplated full-time employment.” Id. at 785.
Finding that petitioners in this case worked, at most, just over eight months per year, the Board declined to reclassify them as full-time. Substantial evidence supports the Board’s finding.
V.
In October 1980, OPM reversed its longstanding policy and began giving all seasonal employees retirement credit for yearly inactive periods. Although the nature of petitioners’ seasonal employment remained unchanged before and after this decision, the reversal does not show that either OPM’s pre-1980 or OPM’s post-1980 policy was arbitrary or capricious. Rather title 5 grants OPM discretion to give intermittent employees CSRS benefits. Section 8347 states: “[OP.M] may exclude from the operation [of the CSRS] an employee ... whose employment is temporary or intermittent.” 5 U.S.C. § 8347(g) (emphasis added).
In October 1980, OPM exercised its statutory discretion to ensure uniform treatment of seasonal employees within the Government. See Federal Personnel Manual Letter 296-75, July 10, 1980. Thus, OPM decided to no longer exclude intermittent employees, like petitioners, from CSRS benefits. That decision did not, however, obligate OPM to make its 1980 change retroactive. The Supreme Court notes:
Retroactivity is not favored in law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.
Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988) (citations omitted). Furthermore, “[e]ven where some substantial justification for retroactive rulemaking is presented, courts should be reluctant to find such authority absent an express statutory grant.” Id. at 208-09, 109 S.Ct. at 471. No provision of CSRS required OPM to give its discretionary change retroactive effect. Without a statutory requirement compelling retroactive application of the 1980 change, OPM properly expressed its intention to effect its change prospectively only.
CONCLUSION
Because this court upholds an agency’s reasonable construction of a statute it administers, the Board’s affirmance of OPM’s classification of petitioners as intermittent is in accordance with law. Moreover, substantial evidence supports the Board’s factual findings about the duration and timing of petitioners’ work periods prior to October 1, 1980. Petitioners have not met their burden of showing that OPM’s classification of them as intermittent was unreasonable or contrary to the actual nature of their employment. Lastly, OPM acted within its statutorily-granted authority when it granted all seasonal employees credit for leaves of absence without pay after October 1, 1980. For the reasons stated above, this court affirms both Board decisions.

AFFIRMED.

. Section 2105(a) defines "employee” as an individual:
(1) appointed in the civil service by one of the following acting in an official capacity—
*1230 (A) the President;
(B) a Member or Members of Congress, or the Congress;
(C) a member of a uniformed service;
(D) an individual who is an employee under this section;
(E) the head of a Government controlled corporation;
(F) an adjutant general designated by the Secretary
concerned under section 709(c) of title 32;
(2) engaged in the performance of a Federal function under authority of law or an Executive act; and
(3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

. The Federal Personnel Manual (FPM) at that time defined full-time employees as "[rjegularly scheduled to work the number of hours and days required by the administrative workweek for their employment group or class. Most full time employees have an administrative workweek of five days of eight hours each.” FPM Chapter 292, Subchapter 2. The FPM defined part-time employees as "[n]onfull-time with a prescheduled tour of duty such as four hours a day, five days a week.” FPM Supplement 296-31, Appendix B, S210-4h. The FPM defined intermittent employees as "[n]onfull-time without a prescheduled tour of duty." FPM Supplement 296-31, Appendix B, S210-4d.
OPM did not define seasonal employment until 1984. See 5 C.F.R. § 340.401(a) (1992) (defining seasonal employment as “annually recurring periods of work of less than 12 months each year. Seasonal employees are placed in a nonduty/nonpay status and recalled to duty in accordance with preestablished conditions of employment.")

. Neither the CSC nor the OPM substantially changed the definitions for full-time, part-time, and intermittent employment since at least 1954. See Dove v. United States, 161 Ct.Cl. 768, 786 (1963) (citing Federal Personnel Manual, Chapter R1-33, revised March 13, 1954); see also 5 C.F.R. §§ 340.401(c), 831.703(b), 842.402 (1992).

. Taking a false cue from an erroneous headnote, the Board and OPM seemed to cite Dove v. United States, 161 Ct.Cl. 768 (1963) for the proposition that full-time employment status is a requirement for retirement credit during leave periods. Bain, 49 M.S.P.R. at 312 (failure to prove full-time employment “controlling”); Post, 49 M.S.P.R. at 175 (citing Dove for the proposition that "the employee must establish that her appointment had been contemplated as constituting full time employment.”) Dove held only that an employee who worked over ninety percent of the possible work days during a six-year period should properly be considered a full-time employee regardless of how the agency classified him administratively. 161 Ct.Cl. at 784-86. Dove did not make full-time employment a requirement for credit during leave periods.
*1232 This misreading of Dove does not alter this court’s analysis or judgment. The Board specifically found that record evidence showed petitioners’ service to be "intermittent in nature." Bain, 49 M.S.P.R. at 310; Post, 49 M.S.P.R. at 176. This court reviewed that conclusion and its supporting findings.