[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 21-13975

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL JARCORD,
a.k.a. Timothy Lamar Johnson,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:20-cr-00038-MW-MAF-1

_____

Before WILLIAM PRYOR, Chief Judge, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Michael Jarcord appeals his conviction for knowingly persuading, inducing, enticing, or coercing an individual who had not attained the age of 18 years to engage in prostitution. 18 U.S.C. § 2422(b). Jarcord argues that the district court erred by rejecting his proposed jury instruction as conflicting with *United States v. Daniels*, 685 F.3d 1237 (11th Cir. 2012), and by limiting the arguments he could make in his defense. We affirm.

Before trial, Jarcord submitted the following proposed instruction on his theory of defense that he did not knowingly solicit a minor:

> The Government need not prove that Michael Jarcord knew J.D. was under the age of 18. If, however, the Defendant shows by the weight of the evidence that he did not intend to commit a crime, he sought to avoid committing a crime, he made a good faith inquiry and investigation as to J.D.'s age, and he did not know or have reason to believe she was under 18 years old, then you should find him not guilty.

Before voir dire, the district court stated that Jarcord was "slicing the bread thin" to rely on lies about J.D.'s age as his defense

but he could use the false statements to "challenge credibility." Defense counsel acknowledged that the theory was "essentially an attack on *United States v. Daniels.*" Counsel assured the district court that he would argue that Jarcord "ha[d] been lied to by the victim" and would not "be addressing what that does for [Jarcord]."

During opening statements, the prosecutor objected to defense counsel's argument that the crime "would never have happened" if Jarcord had "been told the truth by the girl or the mother" and that "the evidence will reflect that he [didn't] want to commit this crime." An objection also followed defense counsel's remarks that "you have to decide whether a criminal act has occurred when the entire evidence shows that the man is trying to avoid . . . dealing with a minor"; that "you [may] not [be] convinced [Jarcord] . . . wanted to entice a minor into prostitution . . . [because] what the evidence is going to reflect is that he was a victim as much as she was of the criminality involved"; that "[t]hey wanted the money, so it was okay to exploit the child and lie about the age"; and that "[t]his is not about knowledge or lack thereof."

The district court sustained the prosecutor's objections. The district court stated that defense counsel could "argue . . . [that Jarcord] didn't induce or persuade or entice [J.D.] . . . [and] she was doing all the inducing and persuading which relates to the lies." The district court also stressed that Jarcord could not "say that he tried everything possible to verify her age and, therefore, he's not guilty" and that, because "the law is crystal clear" that knowledge of the victim's age "doesn't matter," "you can't . . . tell this jury . . .

that if he thought she was a different age or she lied about her age, that's a defense to these charges." The district court instructed defense counsel that he could "mention the nature of [J.D.'s] statements," he could argue "she induced him and this is how . . . he did nothing to persuade or entice her," and he could "go into the details of what she did to induce or persuade him."

The prosecutor moved for a mistrial, but defense counsel—after being given the choice—asked for a curative instruction. The district court and the parties agreed to the following instruction:

> I'll remind you of something I said during jury selection and I repeated in your preliminary instructions on the law. The law is what I say it is. And I, and I alone, instruct you on the law. To that end, let me make plain what the law is and what the law is not.
>
> It is not a defense to these charges to say that the defendant did not know how old J.D. was or that she lied about her age.
>
> It is not a defense to say what the victim said or how she appeared.
>
> It is, however, a defense for the defendant to say that he did not persuade, induce, entice, or coerce J.D. to engage in prostitution because what you will hear in the final instructions is the government has to show that the defendant persuaded, induced, enticed, or coerced her. But it is not a defense, again, to these

charges to show she lied about her age or he was unaware of her age. That is not an element and is not the government's burden and it is not a defense to these charges.

The evidence established that, in November 2018, the Tallahassee Police Department learned that 14-year-old J.D. was featured on the website "Skipthegames." J.D. met an undercover officer posing as a customer at a hotel, but J.D. refused to talk to a female investigator at the scene. Later, after a state court judge removed J.D. from her home, she identified two accounts she had on Facebook under the names J. Williams and J. Smith. After searching J.D.'s cellular telephone and Facebook accounts, the investigator discovered that Jarcord, who was 49 years old, communicated with J.D. between September 9, 2018, and December 21, 2018. Jarcord initiated contact with the message "Sugar daddy available," and he later asked then 13-year-old J.D. whether she was "over 18," which she said she was. J.D. sent Jarcord sexually explicit photographs of herself.

Jarcord agreed to an interview and admitted to investigators that he paid J.D. four or five times with money and cigarettes for sex. Jarcord said he was familiar with the "Skipthegames" website, but that he had met J.D. outside of a gas station, he thought that she "didn't look grown," he did not think she was over 18, and he asked J.D.'s mother to verify that J.D. was 18. Investigators found on Jarcord's cellular telephone the sexually explicit photographs J.D. had sent him and explicit photographs of other young women

who resembled J.D. Investigators also discovered on Jarcord's Facebook account an exchange in which he sent a friend one of J.D.'s explicit photographs and described her as his "new lil baby." When the friend responded, "she 15?," Jarcord replied that J.D. was 23. At the conclusion of the government's case, Jarcord waived his right to testify and rested his case without presenting any evidence.

During closing arguments, defense counsel argued, "[i]t is not a defense, but [Jarcord] believed he was engaged with someone over the age of 18." Counsel also argued that J.D. was a prostitute when he met her, that Jarcord did not "entice, induce, persuade, or coerce [the] child into this role," and that Jarcord was "in some ways as big a victim to the evil these people were portraying as to the child."

During a conference on jury instructions, the prosecutor stated that she was "not proceeding on the theory" of attempt that had been alleged in Jarcord's indictment. And she submitted revised jury instructions on the substantive offense. The prosecutor also submitted the following instruction that quoted parts of *Daniels*, 685 F.3d at 1248, 1250, to refute Jarcord's theory of defense:

> It is not a defense to say what the victim said, how she appeared, to show she lied about her age, or he was unaware of her age. That is not an element and is not the government's burden. A defendant who engages in these activities does so at his own peril, regardless of what the victim says or how she appears.

Defense counsel agreed that the instruction "should be given" because "[i]t clearly state[d] the law of the Eleventh Circuit, and if [he] in some manner went into something [he] should not have, this would be an instruction that would correct that."

The district court read the jury the *Daniels* instruction. The district court also instructed the jury that it could find Jarcord guilty only if the government proved beyond a reasonable doubt that he "knowingly persuaded, induced, enticed, or coerced J.D. to engage in prostitution," which is a "crime under Florida law"; that Jarcord "used a cellular telephone or the Internet" to effectuate the crime; and that the crime occurred when "J.D. was less than 18 years old."

The jury convicted Jarcord of inducing, persuading, or enticing a minor to engage in prostitution. The district court sentenced Jarcord to 180 months of imprisonment.

Jarcord moved for a new trial. He argued that the district court "erred in not giving [his] requested theory of defense jury instructions." He also argued that the district court erred "in instructing the jury that nothing the victim said or did could be considered by the jury as to the inducement element" because it "severely undercut the truthful theory of defense that [Jarcord] acted in avoidance of the crime" and "[t]he emphasis of the defense . . . on the victim[] . . . inducing someone into the crime trying not to [commit] this crime." The district court denied Jarcord's motion.

Jarcord challenges the denial of his motion for a new trial, which we review for an abuse of discretion. *See United States v.*

*Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013). "Our role in reviewing . . . jury instructions is to assure that the instructions show no tendency to confuse or mislead the jury with respect to the applicable principles of law." *Watkins v. City of Montgomery, Ala.*, 775 F.3d 1280, 1289–90 (11th Cir. 2014) (internal quotation marks omitted) (alteration adopted). So "[w]e will not disturb a jury's verdict unless the charge, taken as a whole, is erroneous and prejudicial." *Id.* (quoting *S.E.C. v. Yun*, 327 F.3d 1263, 1281 (11th Cir. 2003)). We will not reverse a conviction for a limitation on legal arguments so "long as the defendant ha[d] the opportunity to make all legally tenable arguments that are supported by the facts of the case." *United States v. Harris*, 916 F.3d 948, 954 (11th Cir. 2019) (quoting *United States v. Gaines*, 690 F.2d 849, 858 (11th Cir. 1982)).

The district court did not abuse its discretion by refusing to give Jarcord's proposed jury instruction, which stated that Jarcord was not guilty if he did not know that J.D. was less than 18 years old. We held in *Daniels* that a defendant's "alleged lack of knowledge as to [the victim's] age cannot serve as a shield from conviction." 685 F.3d at 1250. We explained that section 2422 punishes a defendant who knowingly persuades, entices, or induces a person to engage in prostitution or a sexual activity that constitutes a criminal offense, and that section "2422(b) [functions] . . . to increase the penalty for that conduct where a minor [is] involved." *Id.* at 1248–50. We are bound to follow *Daniels* under our prior

precedent rule. *See United States v. Bazantes*, 978 F.3d 1227, 1243–44 (11th Cir. 2020).

Jarcord argues that he could not defend himself because he "was ordered not to demonstrate or to argue what J.D. did or said," but we disagree. The district court instructed Jarcord that he could argue that J.D.'s misrepresentation of her age meant that "she induced him and . . . he did nothing to persuade or entice her." The district court prohibited Jarcord—consistent with *Daniels*—only from arguing that his ignorance of J.D.'s age meant he was innocent of persuading, inducing, or enticing her to engage in prostitution. And Jarcord stated during closing arguments that, although it was "not a defense, . . . he believed . . . [J.D. was] over the age of 18" and he did not "entice, induce, persuade, or coerce [the] child" to engage in prostitution.

We **AFFIRM** Jarcord's conviction.